IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

J & J SPORTS PRODUCTIONS, INC.,

    Plaintiff,                                  CIV. NO. S-10-1044 KJM GGH

    vs.

ELIAS MUNOZ RODRIGUEZ, et al.,

                                                 ORDER AND
                                                 FINDINGS AND RECOMMENDATIONS

    Defendants.
_____/

        Presently before the court is plaintiff's application for entry of default judgment against defendants Elias Rodriguez and Rocio Rodriguez, d/b/a Hacienda Los Portales a/k/a La Noria Restaurant, and La Noria Enterprises, an unknown business entity d/b/a Hacienda Los Portales a/k/a La Noria Restaurant, filed September 10, 2010.[1] Upon review of the motion and the supporting documents, and good cause appearing, the court issues the following order and findings and recommendations.

BACKGROUND

        On April 29, 2010, plaintiff filed the underlying complaint in this action against defendants Elias Rodriguez, Rocio Rodriguez, and La Noria Enterprises, alleging defendants

---

[1] The matter was originally scheduled for hearing on October 21, 2010; however, it was vacated after the court determined that a hearing was not necessary.  Order, filed October 18, 2010.

1

unlawfully intercepted and exhibited a broadcast of a program entitled, "The Battle of East and West: Manny Pacquiao v. Ricky Hatton, IBO Light Welterweight Championship Fight Program," ("Program"), in their establishment for commercial advantage without obtaining a sublicense from plaintiff for its use, in violation of the Communications Act, 47 U.S.C. § 605, the Cable Communications Policy Act, 47 U.S.C. § 553, and state law.  The complaint alleges defendants exhibited the Program on May 2, 2009.  The summons and complaint were served on defendants by substituted service on July 22, 2010.  Fed. R. Civ. P. 4(e)(2).  Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction).  Defendants Elias and Rocio Rodriguez and La Noria Enterprises have failed to file an answer or otherwise appear in this action.  The clerk entered default against defendants on August 25, 2010.

Request for entry of default and the instant motion for default judgment and supporting papers were served by mail on defendants at their last known address.  Defendants did not file an opposition to the motion for entry of default judgment.  Plaintiff seeks an entry of default judgment in the amount of $111,600 against defendants Elias Rodriguez, Rocio Rodriguez and La Noria Enterprises.

DISCUSSION

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977).  The court finds the well pleaded allegations of the complaint state claims for which relief can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).

The complaint requests, in the event of default, an award of damages pursuant to 47 U.S.C. § 605 et seq. (The Communications Act) and 47 U.S.C. § 553, et seq. (The Cable Communications Policy Act), as well as compensatory and punitive damages for conversion, and restitution for violation of Cal. Bus. & Prof. Code § 17200, et seq.  (Complaint at 3-10.)   The instant motion for default judgment requests damages pursuant to 47 U.S.C. § 605 in the amount

1  of $10,000 in statutory damages, $100,000 in enhanced statutory damages for having pirated
2  commercial signals in the past, and $1,600 in compensatory damages for conversion.[2]  Section
3  605 prohibits the unauthorized publication or use of communications such as the Program.
4  Section 605(e)(3)(A) also provides for a private civil action for a violation of 605(a).  National
5  Subscription Television v. S&H TV, 644 F.2d 820, 821 n. 1 (9th Cir. 1981).

6         The court deems defaulting defendants, by their failure to appear or defend this
7  action, to have waived any objections to the statutory source of the damages prayed for in the
8  instant motion.  The memorandum of points and authorities and affidavits filed in support of the
9  motion for entry of default judgment supports the finding that plaintiff is entitled to the relief
10 requested.  There are no policy considerations which preclude the entry of default judgment of
11 the type requested.  See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

12        One of the factors the court is free to consider in exercising its discretion to grant
13 or deny default judgment is the sum of money at stake.  See J & J Sports Productions, Inc. v.
14 Betancourt, No. 08cv937 JLS (POR), 2009 WL 3416431, at *3 (S.D. Cal. Oct. 20, 2009).

15        Under section 605, statutory damages may be awarded between $1,000 and
16 $10,000 for violation of the Federal Communications Act and up to $100,000 when the violation
17 "was committed willfully and for purposes of direct or indirect commercial advantage or
18 financial gain." 47 U.S.C. § 605(e)(3)(C)(i)-(ii).  Plaintiff has referenced one other action in the
19 Eastern District against these defendants for the same violations.  (Riley Supp. Decl., ¶ 4, Ex.
20 1,dkt. #10-4.)  See J & J Sports Productions, Inc. v. Rodriguez, Civ.S. 09-1188 WBS JFM.  This
21 other filing does not prove defendants' willfulness because defendants were not served with the
22 complaint in that action until June 17, 2009, *after* defendants exhibited the Program in this case.
23 Nevertheless, the court has considered other factors, including that the Program was shown on
24 three television sets, albeit to an audience of only 8 to 12 people, in a relatively urban city.  There

---

[2] Because plaintiff has eliminated his request for damages under § 553 and for restitution under state law, these damages will not be addressed.

3

was no cover charge; however, the showing of the Program was intended to increase business. (Alexander Aff., dkt. #10-3.) See Joe Hand Promotions, Inc. v. Cat's Bar, Inc., 2009 WL 700125, *2 (C.D. Ill. 2009). This court therefore will recommend statutory damages under section 605 in the amount of $10,000 and enhanced statutory damages in the amount of $13,328. Inasmuch as the award of $23,328 in statutory damages will be permitted, plaintiff's request for damages for conversion should be denied.

Insofar as the application for default judgment seeks attorneys' fees and costs but the memorandum in support does not contain argument in support of this request, and there is no declaration supporting this request, it is denied without prejudice to its renewal at a later time.

CONCLUSION

IT IS ORDERED that the Clerk of the Court shall serve these findings and recommendations on the defaulting defendants at the address indicated on plaintiff's proof of service of the instant motion.

In view of the foregoing findings, IT IS RECOMMENDED that plaintiff's motion for entry of default judgment, (dkt. # 10), be GRANTED in part. Judgment should be rendered in the amount of $10,000 in statutory damages and $13,328 in enhanced statutory damages for a total award of $23,328.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The

\\\\\

\\\\\

\\\\\

1  parties are advised that failure to file objections within the specified time may waive the right to
2  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: 02/25/11

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

6  GGH:076/J&JSports1044.def.wpd